IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00279-BNB

MARIO ANTON LEE,

    Applicant,

v.

J. OLIVER, et al.,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Mario Anton Lee, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, High Security, in Florence, Colorado. He submitted *pro se* a document titled "Pursuant to 28 U.S.C. § 2241 Great Writ of Habeas Corpus Actual - Factual Innocence Fundamental Miscarriage of Justice" (ECF No. 1).

    Magistrate Judge Boyd N. Boland reviewed the document and determined it was deficient. On January 31, 2014, Magistrate Judge Boland entered an order directing Mr. Lee within thirty days to cure certain enumerated deficiencies in the document he filed. Magistrate Judge Boland directed Mr. Lee to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The January 31 order directed Mr. Lee to complete and submit those

forms. Specifically, Mr. Lee was directed to submit a § 2241 application that listed all parties in the caption, and alleged the docket number for the conviction he challenged and the court in which the conviction and judgment were entered. Mr. Lee also was informed that the only proper Respondent in a habeas corpus action is his current warden, superintendent, jailer, or other custodian. He further was directed to submit either a certificate of the warden showing the current balance in his prison account, or pay the $5.00 filing fee. On February 19, 2014, Mr. Lee submitted a response to the January 31 order to cure.

The Court may take judicial notice of its own records and files that are part of the Court's public records. *See, e.g.*, *Wolf v. Suthers*, No. 13-cv-00234-BNB (D. Colo. filed Jan. 30, 2013); *see also St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). In the response, Mr. Lee only provides information requested by the Court as to when and where he was convicted. He alleges that on March 9, 2001, a jury convicted him on drug-related charges in the United States District Court for the Northern District of Alabama (Southern Division) (Northern District of Alabama) in Criminal Action No. 00cr347-LSC-JHE-1. He further alleges he was sentenced to 105 years of incarceration. The judgment was entered on June 7, 2001. On June 20, 2002, the United States Court of Appeals for the Eleventh Circuit (Eleventh Circuit) affirmed. On September 29, 2003, Mr. Lee filed a motion to vacate pursuant to 28 U.S.C. § 2255, which the Northern District of Alabama denied on September 20, 2006. On March 19, 2007, the Eleventh Circuit dismissed the appeal.

Mr. Lee has failed within the time allowed to cure the remaining deficiencies in the case, i.e., he has failed to submit on the proper, Court-approved forms a Prisoner's

Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and a Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that lists the proper parties in the caption. He also has failed to submit a certificate of the warden showing the current balance in his prison account, or pay the $5.00 filing fee. Therefore, the action will be dismissed without prejudice for Mr. Lee's failure to cure the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Lee files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the document titled "Pursuant to 28 U.S.C. § 2241 Great Writ of Habeas Corpus Actual - Factual Innocence Fundamental Miscarriage of Justice" (ECF No. 1) is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Mario Anton Lee, within the time allowed, to cure the deficiencies designated in the order to cure of January 31, 2014. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED March 17, 2014, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court